VIRGINIA: IN THE CIRCUIT COURT FOR ROCKINGHAM COUNTY

Irene Carter

*Plaintiff*

*v.* Case No: CL13-1733

America Note Servicing

**Serve: Atlantic Law Group**
**Corporation Service Company**
**Bank of America Center, 16th Floor**
**1111 East Main Street**
**Richmond, Virginia 23219**

Atlantic Law Group, LLC
**Serve:**
**Corporation Service Company**
**Bank of America Center, 16th Floor**
**1111 East Main Street**
**Richmond, Virginia 23219**

*Defendants*

## Preliminary Statement

1. This is an action for injunctive and declaratory relief brought by a homeowner to prevent the illegal foreclosure of her home. The homeowner also brings a claim for damages pursuant to the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* (FDCPA).

## Parties

2. Plaintiff Irene Carter ("Ms. Carter") is a natural person who resides in her home, located at 5392 Bryant Hollow Road, Elkton, Virginia 22827.
3. Defendant America Note Servicing ("ANS") is a Delaware corporation that conducts business in the Commonwealth of Virginia without being authorized to do so. Pursuant to Virginia Code § 8.01-301, Defendant ANS may be served on its agent, the Atlantic Law Group.
4. Defendant Atlantic Law Group, LLC ("ALG") is a Delaware corporation authorized to do business in the Commonwealth of Virginia. As a law firm in the business of conducting foreclosures, Defendant ALG is a debt collector for the purposes of the

Exhibit A

FDCPA. *Wilson v. Draper & Goldberg*, 443 F.3d 373 (4th Cir. Md. 2006). Defendant ALG may be served on its registered agent, the Corporation Service Company, Bank of America Center, 16th Foor, 1111 East Main Street, Richmond, Virginia 23219.

Facts

5. On February 6, 2003, Ms. Carter took out a credit line Deed of Trust with Bank of America, which is not a party to this case. A partial copy of the 2003 Deed of Trust is attached hereto as Exhibit A.
6. The 2003 Deed of Trust gave Bank of America a security interest in Ms. Carter's home, which is located at 5392 Bryant Hollow Road, Elkton, Virginia 22827. See Exhibit A.
7. The 2003 Deed of Trust bore the loan number 68991008494599. See Exhibit A.
8. Subsequent to its execution, the 2003 Deed of Trust was recorded in the Rockingham County Land Records at Deed Book 2349, Page 642. See Exhibit A.
9. On September 14, 2004, the 2003 Deed of Trust was refinanced with a second Deed of Trust between Ms. Carter and Bank of America. A partial copy of the second Deed of Trust is attached as Exhibit B.
10. The second Deed of Trust bore the loan number 7022836618. See Exhibit B.
11. A copy of the settlement statement relative to the second Deed of Trust is attached hereto as Exhibit C. Exhibit C clearly shows that the Deed of Trust with the loan number 68991008494599, along with two other Deeds of Trust, was refinanced with the second Deed of Trust.
12. The Deed of Trust with loan number 68991008494599 is the 2003 Deed of Trust, which was recorded in the Rockingham County Land Records at Deed Book 2349, Page 642. See Exhibit A.
13. Once the 2003 Deed of Trust was refinanced, the security interest that it created was extinguished.
14. Ms. Carter has been making on-time payments pursuant to the second Deed of Trust since it was executed in 2004.
15. Subsequent to the 2004 refinancing, Bank of America failed to close the account associated with the 2003 Deed of Trust, even though it had been paid off, and the security interest it created had been extinguished.
16. On December 23, 2005, Bank of America assigned the 2003 Deed of Trust to an entity by the name of United Guaranty Residential Insurance Company of North Carolina ("UGRI"), which is not a party to this case. A partial copy of the assignment document is attached hereto as Exhibit D. Exhibit D clearly identifies the Deed of Trust being assigned as recorded in the Rockingham County Land Records at Deed Book 2349, Page 642.
17. By the time of the assignment, the security interest created by the 2003 Deed of Trust had been extinguished.

18. When UGRI purchased the 2003 Deed of Trust, it did not purchase a security interest in Ms. Carter's home.
19. Upon information and belief, UGRI subsequently assigned the Deed of Trust to Defendant ANS.
20. Upon information and belief, Defendant ANS is currently the holder of the promissory note associated with the 2003 Deed of Trust.
21. By the time Defendant ANS purchased the 2003 Deed of Trust, the 2003 Deed of Trust no longer secured Ms. Carter's home.
22. On May 1, 2013, Defendant ANS executed a Substitution of Trustee for the 2003 Deed of Trust which appointed Defendant ALG as Substitute Trustee. See Exhibit E, attached hereto.
23. Pursuant to the authority supposedly conferred by the Substitution of Trustee, Defendant ALG has scheduled a foreclosure sale of Ms. Carter's home for Tuesday, June 11, 2013. A copy of the relevant newspaper advertisement is attached as Exhibit F.
24. Defendant ALG lacks authority to foreclose because the 2003 Deed of Trust was refinanced and paid off in 2004. The 2003 Deed of Trust no longer secures Ms. Carter's home.
25. Defendants have no security interest in Ms. Carter's home.
26. On Tuesday, May 28, 2013, two weeks before the scheduled foreclosure, Ms. Carter's counsel faxed an Authorization for Release of Information signed by Ms. Carter to Defendant ALG, along with a cover letter. The May 28 cover letter is attached hereto as Exhibit G. The May 28 cover letter explained that the Deed of Trust under which Defendant ALG was foreclosing had been refinanced and paid off.
27. On Wednesday, May 29, 2013, Ms. Carter's counsel called Defendant ALG to confirm that the faxed authorization and cover letter had been received. Ms. Carter's counsel explained to an agent of Defendant ALG that ALG lacked authority to foreclose because the 2003 Deed of Trust had been paid off.
28. The agent of Defendant ALG told Ms. Carter's counsel that ALG required a written dispute of the scheduled foreclosure.
29. Accordingly, Ms. Carter's counsel faxed a written dispute of the foreclosure to Defendant ALG on that same day. A copy of the May 29 dispute is attached as Exhibit H.
30. The May 29 dispute explained that the Deed of Trust under which Defendant ALG was planning to foreclose had been refinanced and paid off, and that Defendant ALG had no authority to foreclose. See Exhibit H.
31. On Thursday, May 30, 2013, Ms. Carter's counsel called Defendant ALG to check the status of the May 29 dispute. An agent of Defendant ALG told Ms. Carter's counsel that she could not expect to receive a response until Friday, June 7.
32. On Friday, May 31, 2013, Ms. Carter' s counsel called Defendant ALG to report that Ms. Carter was prepared to reinstate the loan if Defendant ALG could provide a reinstatement

figure. An agent of Defendant ALG told Ms. Carter's counsel that she could not expect a reinstatement figure for another week.

33. On Thursday, June 6, 2013, Ms. Carter's counsel again called Defendant ALG to check on the status of the May 29 foreclosure dispute. An attorney for ALG told Ms. Carter's counsel that ALG had no liability, since Ms. Carter had failed to respond to Defendant ALG's 30 day debt validation notice sent in March 2013.
34. Despite being repeatedly put on notice that they lack authority to foreclose, Defendants have expressed no intention to cancel the June 11, 2013 sale.
35. Ms. Carter's rights are in doubt and in peril.

<u>First Cause of Action</u>
<u>Both Defendants</u>
<u>Injunction</u>

36. Ms. Carter re-asserts and re-alleges Paragraphs 1-35.
37. Defendants are planning to foreclose on Ms. Carter's home on June 11, 2013, even though they lack authority to do so.
38. If the foreclosure sale of Ms. Carter's home were allowed to proceed, Ms. Carter would undergo irreparable harm. Ms. Carter would become homeless. Recovering her home would necessitate further litigation.
39. If the foreclosure sale of the home were enjoined, Ms. Carter would suffer only nominal harm. Since a *Lis Pendens* will presently be filed concerning the lawsuit, marketable title could not be passed during the sale.
40. It is likely that Ms. Carter will prevail on the merits of this lawsuit.
41. Ms. Carter has no plain, adequate, or speedy remedy at law.
42. Equity favors awarding temporary and permanent injunctions against the foreclosure of Ms. Carter's home.

<u>Second Cause of Action</u>
<u>Both Defendants</u>
<u>Declaratory Judgment</u>

43. Ms. Carter re-asserts and re-alleges Paragraphs 1-35.
44. Defendants claim authority to foreclose on Ms. Carter's home pursuant to a Deed of Trust that was refinanced and paid off nearly nine years prior to the date of the present filing.
45. The dispute and controversy is a justiciable matter which is not speculative.
46. A resolution by this court will determine the rights and interests of the parties to Ms. Carter's home.
47. Pursuant to Virginia Code §§ 8.01-184 and 8.01-191, there is an actual justiciable controversy, and a declaratory judgment is the appropriate mechanism for resolving the ownership interests of each of the parties hereto to Ms. Carter's home.

48. Ms. Carter is entitled to a declaratory judgment that Defendants do not have a security interest in her home.

Third Cause of Action
Defenant ALG
Violation of the Federal Fair Debt Collection Practices Act

49. Ms. Carter re-asserts and re-alleges Paragraphs 1-35.
50. Defendant ALG uses an instrumentality of interstate commerce or the mails in a business whose principal purpose is the enforcement of security interests.
51. Defendant ALG is a debt collector for the purpose of 15 U.S.C. § 1692f(6); *Wilson v. Draper & Goldberg*, 443 F.3d 373 (4th Cir. Md. 2006).
52. 15 U.S.C. § 1692f(6) makes it unlawful for a debt collector to take "any nonjudicial action to effect dispossession or disablement of property if there is no present right of the property claimed as collateral through an enforceable security interest."
53. When Defendant ALG scheduled a foreclosure of Ms. Carter's home pursuant to a Deed of Trust that had been refinanced and paid, it violated 15 U.S.C. § 1692f(6).
54. Ms. Carter is entitled to actual damages, statutory damages, costs, and reasonable attorney's fees pursuant to the FDCPA.

WHEREFORE the Plaintiff by counsel respectfully prays this honorable court to award her the following relief:

1) Temporary and permanent injunctions against the foreclosure of her home;
2) A declaratory judgment that Defendants do not have a security interest in Plaintiff's home;
3) Actual damages as determined by the court pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(1);
4) Statutory damages in the amount of $1000 pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2)(A);
5) Costs and reasonable attorney's fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(3).

TRIAL BY JURY IS HEREBY DEMANDED ON ALL MATTERS SO TRIABLE

Respectfully Submitted,

Irene Carter

By Counsel

By_______________

TUCKER, GRIFFIN BARNES, PC
Caroline F. Klosko, VSB # 78699
307 Rio Road West
Charlottesville, Virginia 22901
Phone: (434) 951-0843
Fax: (434) 951-0875
Email: CKlosko@TGBlaw.com

B2349P642

Ex A

WHEN RECORDED MAIL TO:
Bank of America Consumer Collateral
Tracking: FL9-700-04-10
9000 Southside Blvd. Bldg 700
Jacksonville, FL 32256

RETURN TO: Valerie Jones
SAFEGUARD PROPERTIES, INC.
650 SAFEGUARD PLAZA
BROOKLYN HEIGHTS, OHIO 44131
ATTN: TITLE DEPT.

Tax Map Reference No(s): 113-A-58 FOR RECORDER'S USE ONLY

Page 1 IIA 2449186807.

This Deed of Trust prepared by: SEANTAL PETERSON, Bank of America, N.A.

TAXID#113-A-58

DEED OF TRUST

THIS IS A CREDIT LINE DEED OF TRUST

Maximum aggregate amount of principal
to be secured hereby at any one time: $20,000.00

Name and address of Noteholder secured hereby:

Bank of America, N.A.
c/o Virginia Main Office
1111 E. Main Street
Richmond, VA 23219

THIS DEED OF TRUST is dated February 6, 2003, among IRENE B CARTER, AKA IRENE DAVIS CARTER ("Grantor"); Bank of America, N.A., whose address is c/o Virginia Main Office, 1111 E. Main Street, Richmond, VA 23219 (referred to below sometimes as "Lender" and sometimes as "Beneficiary"); and PRLAP, INC., a United States-or Virginia-chartered corporation with its principal office in Virginia, whose address is PORTFOLIO ADMIN, 1400 BEST PLAZA DRIVE VA2-410-02-01, RICHMOND, VA 23227-0000 ("Grantee," also referred to below as "Trustee").

CONVEYANCE AND GRANT. For valuable consideration, Grantor conveys, transfers, encumbers and pledges and assigns to Trustee for the benefit of Lender as Beneficiary, all of Grantor's present and future right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way,

Ex A

B2349P643

DEED OF TRUST
(Continued)

and appurtenances; and all rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, (the "Real Property") located in ROCKINGHAM, Commonwealth of Virginia:

See Exhibit A, which is attached to this Deed of Trust and made a part of this Deed of Trust as if fully set forth herein.

The Real Property or its address is commonly known as 5392 BRYANT HOLLOW RD, ELKTON, VA 22827-2547. The Real Property Tax Map Reference No(s) is/are 113-A-58

REVOLVING LINE OF CREDIT. Specifically, in addition to the amounts specified in the Indebtedness definition, and without limitation, this Deed of Trust secures a revolving line of credit, which obligates Lender to make advances to Borrower so long as Borrower complies with all the terms of the Credit Agreement. Such advances may be made, repaid, and remade from time to time, subject to the limitation that the total outstanding balance owing at any one time, not including finance charges on such balance at a fixed or variable rate or sum as provided in the Credit Agreement, any temporary overages, other charges, and any amounts expended or advanced as provided in either the Indebtedness paragraph or this paragraph, shall not exceed the Credit Limit as provided in the Credit Agreement. It is the intention of Grantor and Lender that this Deed of Trust secures the balance outstanding under the Credit Agreement from time to time from zero up to the Credit Limit as provided in this Deed of Trust and any intermediate balance.

FUTURE ADVANCES. In addition to the amounts specified in the Credit Agreement, this Deed of Trust also secures future advances.

Grantor presently, absolutely, and irrevocably assigns to Lender (also known as Beneficiary in this Deed of Trust) all of Grantor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property. In addition, Grantor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE (A) PAYMENT OF THE INDEBTEDNESS AND (B) PERFORMANCE OF EACH OF GRANTOR'S AGREEMENTS AND OBLIGATIONS UNDER THE CREDIT AGREEMENT, THE RELATED DOCUMENTS, AND THIS DEED OF TRUST. THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:

GRANTOR'S REPRESENTATIONS AND WARRANTIES. Grantor warrants that: (a) Grantor has the full power, right, and authority to enter into this Deed of Trust and to hypothecate the Property; (b) the provisions of this Deed of Trust do not conflict with, or result in a default under any agreement or other instrument binding upon Grantor and do not result in a violation of any law, regulation, court decree or order applicable to Grantor; (c) Grantor has established adequate means of obtaining from Borrower on a continuing basis information about Borrower's financial condition; and (d) Lender has made no representation to Grantor about Borrower (including without limitation the creditworthiness of Borrower).

PAYMENT AND PERFORMANCE. Except as otherwise provided in this Deed of Trust, Borrower shall pay to Lender all Indebtedness secured by this Deed of Trust as it becomes due, and Borrower and Grantor shall strictly perform all their respective obligations under the Credit Agreement, this Deed of Trust, and the Related Documents.

POSSESSION AND MAINTENANCE OF THE PROPERTY. Borrower and Grantor agree that Borrower's

B 2 5 7 9 P 2 8 2

Ex B

WHEN RECORDED MAIL TO:
Bank of America Consumer Collateral Tracking
FL9-700-04-10
9000 Southside Blvd. Bldg 700
Jacksonville, FL 32256

Tax Map Reference No(s): 113-A-58 FOR RECORDER'S USE ONLY

This Deed of Trust prepared by: SUSAN H LEONITUK, Bank of America, N.A.

DEED OF TRUST

**Name and address of Noteholder secured hereby:**

**Bank of America, N.A.**
**c/o Virginia Main Office**
**1111 E. Main Street**
**Richmond, VA 23219**

MAXIMUM LIEN. The maximum principal amount secured by this Deed of Trust is $56,686.71, plus interest and cost of collection.

THIS DEED OF TRUST is dated September 14, 2004, among IRENE B CARTER AKA IRENE DAVIS CARTER ("Grantor"); Bank of America, N.A., whose address is c/o Virginia Main Office, 1111 E. Main Street, Richmond, VA 23219 (referred to below sometimes as "Lender" and sometimes as "Beneficiary"); and PRLAP, INC., a United States-or Virginia-chartered corporation with its principal office in Virginia, whose address is PORTFOLIO ADMIN, 1400 BEST PLAZA DRIVE VA2-410-02-01, RICHMOND, VA 23227-0000 ("Grantee," also referred to below as "Trustee").

CONVEYANCE AND GRANT. For valuable consideration, Grantor conveys, transfers, encumbers and pledges and assigns to Trustee for the benefit of Lender as Beneficiary, all of Grantor's present and future right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; and all rights, royalties, and profits relating to the real property, including without

Ex B

92579P283

DEED OF TRUST
(Continued)

limitation all minerals, oil, gas, geothermal and similar matters, (the "Real Property") located in ROCKINGHAM, Commonwealth of Virginia:

SEE ATTACHED EXHIBIT A..........THIS DEED OF TRUST REPRESENTS REFINANCING OF AN ORIGINAL DEBT WITH THE SAME LENDER, BANK OF AMERICA, N.A., RECORDED IN DEED BOOK 2530, PAGE 410. SECURED HEREBY PURSUANT TO SECTION 58.1-803D OF THE CODE OF VIRGINIA 1950 AS AMENDED. THE ORIGINAL DEBT IS $65,000, AND THE ADDITIONAL DEBIT ON WHICH TAXES ARE TO BE PAID IS $0.00.

The Real Property or its address is commonly known as 5392 BRYANT HOLLOW RD, ELKTON, VA 22827-2547. The Real Property Tax Map Reference No(s) Is/are 113-A-58

Grantor presently, absolutely, and irrevocably assigns to Lender (also known as Beneficiary in this Deed of Trust) all of Grantor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property. In addition, Grantor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE (A) PAYMENT OF THE INDEBTEDNESS AND (B) PERFORMANCE OF ANY AND ALL OBLIGATIONS UNDER THE NOTE, THE RELATED DOCUMENTS, AND THIS DEED OF TRUST. THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:

**GRANTOR'S REPRESENTATIONS AND WARRANTIES.** Grantor warrants that: (a) Grantor has the full power, right, and authority to enter into this Deed of Trust and to hypothecate the Property; (b) the provisions of this Deed of Trust do not conflict with, or result in a default under any agreement or other instrument binding upon Grantor and do not result in a violation of any law, regulation, court decree or order applicable to Grantor; (c) Grantor has established adequate means of obtaining from Borrower on a continuing basis information about Borrower's financial condition; and (d) Lender has made no representation to Grantor about Borrower (including without limitation the creditworthiness of Borrower).

**PAYMENT AND PERFORMANCE.** Except as otherwise provided in this Deed of Trust, Borrower shall pay to Lender all Indebtedness secured by this Deed of Trust as it becomes due, and Borrower and Grantor shall strictly perform all their respective obligations under the Note, this Deed of Trust, and the Related Documents.

**POSSESSION AND MAINTENANCE OF THE PROPERTY.** Borrower and Grantor agree that Borrower's and Grantor's possession and use of the Property shall be governed by the following provisions:

**Possession and Use.** Until the occurrence of an Event of Default, Grantor may (1) remain in possession and control of the Property; (2) use, operate or manage the Property; and (3) acting as Lender's agent, collect the Rents from the Property.

**Duty to Maintain.** Grantor shall maintain the Property in good condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

**Compliance With Environmental Laws.** Grantor represents and warrants to Lender that: (1) During the period of Grantor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property; (2) Grantor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Lender in

SEP-19-2012 10:56 PM 9/14/04 P.01

ExC

**Settlement Statement**
Optional Form for
Transactions without Sellers

U.S. Department of Housing and Urban Development

OMB Approval No. 2502-0491

| Name & Address of Borrower: | Name & Address of Lender: |
|---|---|
| MELVIN S CARTER<br>IRENE B CARTER<br>5392 BRYANT HOLLOW RD<br>ELKTON, VA 22827-2547 | Bank of America, N.A.<br>c/o Virginia Main Office<br>1111 E. Main Street<br>Richmond, VA 23219 |
| Property Location: (if different from above) | Settlement Agent:<br>BANK OF AMERICA |
| 5392 BRYANT HOLLOW RD, ELKTON, VA 22827-2547 | Place of Settlement:<br>301 W SPOTSWOOD TRAIL, ELKTON, VA 22827-0000 |
| Loan Number:<br>7022836618 | Settlement Date:<br>September 14, 2004 |

| L. Settlement Charges | |
|---|---|
| 800. Items Payable in Connection with Loan | |
| 801. Loan Origination Fee 1.000 % | 559.58 |
| 802. Loan Discount % | |
| 803. Appraisal Fee to | |
| 804. Credit Report to | |
| 805. Lender's Inspection Fee | |
| 806. Mortgage Insurance Application Fee | |
| 807. | |
| 808. | |
| 809. FLOOD DETERM. FEE to BANK OF AMERICA | 6.00 |
| 810. | |
| 811. | |
| 900. Items Required by Lender to be Paid in Advance | |
| 901. Interest from to @ $ /day | |
| 902. Mortgage Insurance Premium for months to | |
| 903. Hazard Insurance Premium for month(s) to | |
| 904. Flood Insurance Premium | |
| 905. | |
| 1000. Reserves Deposited with Lender | |
| 1001. Hazard insurance mos. @ $ per mo. | |
| 1002. Mortgage insurance mos. @ $ per mo. | |
| 1003. City property taxes mos. @ $ per mo. | |
| 1004. County property taxes mos. @ $ per mo. | |
| 1005. Annual assessments mos. @ $ per mo. | |
| 1006. mos. @ $ per mo. | |
| 1007. mos. @ $ per mo. | |
| 1008. Aggregate Accounting Adjustment | 0.00 |
| 1100. Title Charges | |
| 1101. Settlement or closing fee to | |
| 1102. Abstract or title search to HOMEFOCUS | 110.00 |
| 1103. Title examination to | |
| 1104. Title insurance binder to | |
| 1105. Document preparation to | |
| 1106. Notary fees to | |
| 1107. Attorney's fees to (includes above item numbers ) | |
| 1108. Title insurance to (includes above item numbers ) | |
| 1109. Lender's coverage $ | |
| 1110. Owner's coverage $ | |
| 1111. | |
| 1112. | |
| 1113. | |

| M. Disbursement to Others | |
|---|---|
| 1501. | |
| 1502. BANK OF AMERICA #00990305762842 | 5,163.40 |
| 1503. BANK OF AMERICA #68991008494604 | 49,615.56 |
| 1504. BANK OF AMERICA #68991008494599 | 1,178.67 |
| 1505. | |
| 1506. | |
| 1507. | |
| 1508. | |
| 1509. | |
| 1510. | |
| 1511. | |
| 1512. | |
| 1513. | |
| 1514. | |
| 1515. | |
| 1520. TOTAL DISBURSED (enter on line 1603) | 55,957.63 |

UGI

3 Loans Combined together that She is paying on now At Bank of America.

EX R

P.02

| 1200. Government Recording and Transfer Charges | |
|---|---|
| 1201. Recording fees: | 63.50 |
| 1202. City/county tax/stamps: | |
| 1203. State tax/stamps: | |
| 1204. | |
| 1205. | |
| 1300. Additional Settlement Charges | |
| 1301. Survey to | |
| 1302. Pest inspection to | |
| 1303. Architectural/Engineering Services to | |
| 1304. Building Permit to | |
| 1305. | |
| 1400. Total Settlement Charges (enter on line 1602) | 729.08 |

| N. NET SETTLEMENT | |
|---|---|
| 1600. Loan Amount | $ 56,686.71 |
| 1601. Plus Cash/Check from Borrower | $ |
| 1602. Minus Total Settlement Charges (line 1400) | $ 729.08 |
| 1603. Minus Total Disbursement to Others (line 1520) | $ 55,957.63 |
| 1604. Equals Disbursements to Borrower (after expiration of any applicable rescission period required by law) | $ |

BORROWER(S) SIGNATURE(S): Melvin S Carter 9/1/04 Irene B Carter 9/1/04

MELVIN S CARTER Date IRENE B CARTER Date

form HUD-1A ref. RESPA

Req. 10991212

B 2804 P 298

Ex D

**ASSIGNMENT OF**
**DEED OF TRUST**

KNOW ALL MEN THESE PRESENTS:
That **BANK OF AMERICA (GRANTOR) is a successor to NationsBank and Boatmen's National Bank**, a domestic corporation, organized under the laws of the United States, with its principal office and place of business located at **4161 Piedmont Parkway Greensboro, NC 27410** for value received and without recourse or warranty, the receipt whereof is hereby acknowledged, by this presents does hereby sell, assign, transfer and set over unto the

**GRANTEE: UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY OF NORTH CAROLINA**
**230 N. Elm Street/ 27401**
**PO Box 20327**
**Greensboro, NC 27420-0327**

All interest in and to the instrument dated this 6TH DAY OF FEBRUARY 2003 by and among IRENE B CARTER, AKA IRENE DAVIS CARTER as recorded in the official records of ROCKINGHAM COUNTY, STATE OF VIRGINIA: BOOK 2349 PAGE 642 on the following described pieces or parcel of land:

**LEGAL DESCRIPTION OF PROPERTY**

SEE EXHIBIT A

**The real property of its address is commonly known as:** *5392 BRYANT HOLLOW RD, ELKTON, VA 22827-2547.*

PREPARED BY: WITNESS Debbie White
TYPED/PRINTED NAME: Debbie White

WITNESS D. Gorodeski
TYPED/PRINTED NAME: Gorin Duggi

NAME Anne Sessoms
TYPED NAME: Anne Sessoms Insurance Analyst

Date Prepared: DEC 23 2005
First Name and Address:
Bank of America
4161 PIEDMONT PARKWAY GREENSBORO NC 27410

BY Janet Chaffinch
NAME OF OFFICER TITLE
TYPED/PRINTED NAME OFFICER Janet T Chaffinch

Recorded On-2013-May-09 As-12889.

ExE

| Doc | Bk | Vol | Pg | #ofPgs |
|---|---|---|---|---|
| 00012889 | OR | 4237 | 403 | 3 |

May 09, 2013

Return To:
Prepared By:
Atlantic Law Group, LLC
PO Box 2548
Leesburg, VA 20177
ALG: 537998
FCI Lender Services, Inc.
Tax ID# 133-(A)-L58

SUBSTITUTION OF TRUSTEE

THIS SUBSTITUTION OF TRUSTEE is made between ANS Servicing, LLC ("Noteholder") and Irene B. Carter, a/k/a Irene Davis Carter ("GRANTOR(S)" for recordation purposes) and ALG Trustee, LLC, a Virginia Limited Liability Company, PO Box 2548, Leesburg, VA 20177, Substitute Trustee ("Grantee").

WHEREAS, the Noteholder is the holder of the Note secured by the Deed of Trust dated February 6, 2003, from Irene B. Carter, a/k/a Irene Davis Carter to certain trustees therein Prlap ("Trustee(s)"), payable to Bank of America, N.A. and recorded among the land records of Rockingham County, Virginia on September 4, 2003, at Instrument Number 030400, in Deed Book 2349, at Page 642 ("Deed of Trust"); and

WHEREAS, the Deed of Trust grants to and/or Code of Virginia §55.59 permits the Noteholder the unconditional power to appoint Substitute Trustee(s) in place and stead of the original Trustee(s) named in the Deed of Trust; and the Noteholder desires to exercise the power to appoint Substitute Trustee(s) in place and in stead of the Trustee(s) and to vest the Substitute Trustee(s) with same rights, powers, title and estate as are vested in the Trustee(s).

NOW, THEREFORE, by virtue of the aforementioned Deed of Trust and the statute, the Noteholder does hereby appoint ALG Trustee, LLC as Substitute Trustee(s) under the Deed of Trust, with identically the same title and estate in and to the land, premises and property conveyed by the Deed of Trust, with all rights, powers, trusts and duties of the Trustees.

Recorded On-2013-May-09 As-12889

Substitution of Trustee
L537998

ANS Servicing, LLC

By: Name: Brandon Wong
Title: Manager
Date: 5/1/13

STATE OF Nevada
COUNTY OF Clark

I hereby certify that on this 1st day of May, 2013, before me, the subscriber, a Notary Public for the State of Nevada and County of Clark aforesaid, personally appeared Brandon Wong who acknowledged himself/herself to be the Manager of ANS Servicing, LLC. He/She is personally known to me.

Notary Public
My commission expires: 10-26-14

Return To:
Atlantic Law Group, LLC
PO Box 2548
Leesburg, VA 20177
L537998
FCI Lender Services, Inc.

NICK KOZIAK
Notary Public, State of Nevada
Appointment No. 08-109478-1
My Appt. Expires Oct 26, 2014

Commonwealth of [illegible]
[illegible]

EX F

4344 4394
7306

## Automobiles For Sale 802

2006 Hyundai Elantra [illegible] miles, [illegible]

2005 Hyundai Elantra [illegible] miles, with [illegible] $4750 [illegible]

## Automobiles For Sale 802

[illegible]

## Automobiles For Sale 802

[illegible]

2005 Lincoln Navigator, [illegible] leather [illegible] good condition [illegible]

[illegible] good tires, silver, [illegible] chrome package, [illegible] garage kept, [illegible] Smiles. Asking [illegible] 540-885-1848

[illegible] Chevrolet Aveo LT [illegible] miles. Like [illegible] condition in & out. [illegible] 540-810-[illegible]

[illegible] Classified [illegible] News-Record [illegible] 574-6210 or [illegible] (804) 521-7571 [illegible]

## Recreational Vehicles 80[illegible]

[illegible] good condition, [illegible] $5500 [illegible]

2005 Wilderness [illegible] Excellent condition [illegible]

## Motorcycles & 4-Wheelers

[illegible]

2003 Harley Davidson [illegible] 100th Anniversary Edition. 28,000 miles. $8900. 540-740-8887

[illegible]

2005 Yamaha Majesty 400cc Scooter [illegible] miles. $3,950. [illegible]

2007 Kawasaki Vulcan 900, Touring Classic LT, [illegible] miles. Excellent condition. $5500 [illegible]

2007 [illegible]

2008 Yamaha [illegible] Silverado [illegible]

## ✓ TRUSTEE'S SALE OF 5392 Elvan Holly Road Elkton, VA 22827 [illegible] ✓

In execution of a Deed of Trust in the original principal amount of $80,000.00, dated [illegible] 2003, recorded among the land records of the Circuit Court for the County of Rockingham on September 4, 2003, as Instrument #030[illegible] [illegible] the undersigned appointed Substitute Trustee will offer for sale at public auction at the main entrance of the courthouse for the Circuit Court of Rockingham County, 80 Court Square, Harrisonburg, VA on June 11, 2013 at [illegible] PM, the property with [illegible] improvements thereon [illegible]

[illegible] thence S 31° 37' E with [illegible] 254.82 feet, thence making new lines thru the Davis lands N 60° 07' E 136.74 feet to an iron pin, this line passes an iron on the East side of the road at 52.44 feet, thence N [illegible] feet to [illegible] And more fully described in the above Deed of Trust. Commonly known as 5392 Elvan Holly Road, Elkton, VA 22827-[illegible] Tax ID: [illegible]

TERMS OF SALE: ALL CASH. A bidder's deposit of $[illegible],000.00 or 10% of the sale price will be required in cash, certified or cashier's check. Settlement within fifteen (15) days of sale, otherwise Trustee may forfeit deposit. Additional terms will be announced at sale. This notice is an attempt to collect on a debt and any information obtained will be used for that purpose.

[illegible] (Trustee # [illegible])

Substitute Trustee:
[illegible] LLC
[illegible] LLC
P.O. Box [illegible] VA 2[illegible]
[illegible] website:
http://www.atlanticlawgrp.com
[illegible]

## VIRGINIA: IN THE CIRCUIT COURT OF ROCKINGHAM COUNTY

FARMERS & MERCHANTS BANK,
Plaintiff,
[illegible]

[illegible] TRUSTEE'S SALE [illegible] County [illegible]

TRANSMISSION VERIFICATION REPORT

Ex 6

TIME : 05/28/2013 16:39
NAME : TUCKER GRIFFIN BARNE
FAX : 4949733227
TEL : 4349737474
SER.# : BROC9J918736

| | |
|---|---|
| DATE,TIME | 05/28 16:39 |
| FAX NO./NAME | 17039409110 |
| DURATION | 00:00:49 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

TGB
TUCKER GRIFFIN BARNES
Attorneys at Law

| | | | |
|---|---|---|---|
| **To:** | Atlantic Law Group, LLC | **From:** | Caroline Klosko |
| **Fax:** | 7039409110 | **Phone:** | 434.951.0843 **Fax:** 434.951-0885 |
| **Phone:** | | **Date:** | May 28, 2013 |
| **CC:** | | **Pages (including cover):** | 2 |
| **Re:** | Irene Carter, 5392 Bryant Hollow Road, Elkton, Virginia 22827 | | |

**Comments:**

To Whom it May Concern:

I represent Irene Carter, property address given above, whose home is currently scheduled to be foreclosed on June 11. An Authorization for Release of Information signed by Ms. Carter is attached to this letter. We believe that the Deed of Trust under which your law firm is foreclosing was paid off years ago. I hope that you will agree to postpone the foreclosure until the problem can be looked into.

Please fax a copy of the relevant Deed of Trust, any titlework, and any documents evidencing any assignments of the Deed of Trust to my attention at (434) 951-0876. The documents can also be emailed to cklosko@tgblaw.com.

Thank you for your attention to this matter. I will be calling you shortly to follow up.

Sincerely,

Caroline Klosko

Ex H

TRANSMISSION VERIFICATION REPORT

TIME : 05/29/2013 15:56
NAME : TUCKER GRIFFIN BARNE
FAX : 4949733227
TEL : 4349737474
SER.# : BROC9J918736

| | |
|---|---|
| DATE,TIME | 05/29 15:53 |
| FAX NO./NAME | 17039409110 |
| DURATION | 00:02:58 |
| PAGE(S) | 09 |
| RESULT | OK |
| MODE | STANDARD ECM |

307 West Rio Road
Charlottesville, Virginia 22901
Main Line: 434.973.7474
Website: www.TGBlaw.com

**Caroline Klosko**
*Attorney*

Direct Dial: 434.951.0843
Direct Fax: 434.951.0885
Email: CKlosko@TGBlaw.com

May 29, 2013

Atlantic Law Group
PO Box 3548
Leesburg, Virginia 20177

BY FASCIMILE ONLY: (703) 940-9110

Re: Irene Carter, File No: L537998, 5392 Bryant Hollow Road, Elkton, Virginia 22827

Pages Including Cover: 8

To Whom It May Concern:

I represent Irene Carter, whose file number and property address are given above. A foreclosure sale of Ms. Carter's home is currently set for June 11. I am writing to notify you that it would be illegal for your law firm to proceed with this sale.

Your law firm is planning to foreclose pursuant to a Deed of Trust in the amount of $20,000 which was recorded on September 4, 2003 in the Rockingham County land records at Book 2349, Page 642. Partial copies of the relevant Deed of Trust and Substitution of Trustee are attached to this letter, collectively as Exhibit A. Unfortunately, that Deed of Trust was refinanced on September 14, 2004 with a second Deed of Trust. A partial copy of the second Deed of Trust, along with the relevant settlement statement, are attached to this letter collectively as Exhibit B. As you can see, the settlement statement memorializes the refinancing of three loans,



TGB
TUCKER GRIFFIN BARNES
Attorneys at Law

307 West Rio Road
Charlottesville, Virginia 22901
Main Line: 434.973.7474
Website: www.TGBlaw.com

**Caroline Klosko**
*Attorney*

Direct Dial: 434.951.0843
Direct Fax: 434.951.0885
Email: CKlosko@TGBlaw.com

May 29, 2013

Atlantic Law Group
PO Box 3548
Leesburg, Virginia 20177

BY FASCIMILE ONLY: (703) 940-9110

Re: Irene Carter, File No: L537998, 5392 Bryant Hollow Road, Elkton, Virginia 22827

Pages Including Cover: 8

To Whom It May Concern:

I represent Irene Carter, whose file number and property address are given above. A foreclosure sale of Ms. Carter's home is currently set for June 11. I am writing to notify you that it would be illegal for your law firm to proceed with this sale.

Your law firm is planning to foreclose pursuant to a Deed of Trust in the amount of $20,000 which was recorded on September 4, 2003 in the Rockingham County land records at Book 2349, Page 642. Partial copies of the relevant Deed of Trust and Substitution of Trustee are attached to this letter, collectively as Exhibit A. Unfortunately, that Deed of Trust was refinanced on September 14, 2004 with a second Deed of Trust. A partial copy of the second Deed of Trust, along with the relevant settlement statement, are attached to this letter collectively as Exhibit B. As you can see, the settlement statement memorializes the refinancing of three loans, one of which has the number 68991008494599. This is the same Deed of Trust that was recorded in Book Number 2349, Page 642, which is referenced in your law firm's substitution of trustee.

The Deed of Trust that you intend to foreclose under has been refinanced and paid off. This means you do not, in fact, have the authority to foreclose. As substitute trustee, your law firm owes "fiduciary obligations to both the creditor and the debtor in executing the powers granted it under a Deed of Trust." *Bremer v. Bitner*, 44 Va. Cir. 505, 512 (Va. Cir. Ct. 1996). If you choose to proceed with the sale under these circumstances, you will be in breach of your fiduciary duties, and Ms. Carter will pursue all available remedies against you.

In view of these circumstances, I hope you will agree to cancel the sale. I will be calling shortly to follow up on this. I can be reached at (434) 951-0843.

Most Sincerely,

Caroline Klosko, Esq.