CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 15 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| IRENE CARTER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 5:14cv00003 |
| ) | |
| v. ) | |
| ) | |
| AMERICA NOTE SERVICING, et al., ) | By: Hon. Michael F. Urbanski |
| ) | United States District Judge |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on the motions to dismiss of defendants ALG Trustee, LLC ("ALG") and Atlantic Law Group, LLC ("Atlantic Law"). Dkt. Nos. 3 & 4, respectively. These motions are without merit and will accordingly be denied.

### I.

In this action, plaintiff Irene Carter ("Carter") seeks a declaratory judgment in her favor and also alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. In her complaint she alleges the following facts relevant to the pending motions: on February 6, 2003, Carter took out a credit line Deed of Trust with Bank of America (a non-party). The 2003 Deed of Trust gave Bank of America a security interest in Carter's home. Carter refinanced the 2003 Deed of Trust with a second Deed of Trust between her and Bank of America on September 14, 2004. Carter has attached copies of both Deeds of Trust as exhibits to her complaint, as well as the settlement statement memorializing the refinancing agreement.

After the 2004 refinancing, Bank of America failed to close the account associated with the 2003 Deed of Trust, despite the fact it had been paid off and the security interest it created

extinguished. On December 23, 2005, Bank of America assigned the 2003 Deed of Trust to United Guaranty Residential Insurance Company of North Carolina ("UGRI") (another non-party). UGRI subsequently assigned the Deed of Trust to defendant America Note Servicing.

On May 1, 2013, America Note Servicing executed a Substitution of Trustee for the 2003 Deed of Trust which appointed defendant ALG, as Substitute Trustee. Pursuant to the authority supposedly conferred by the Substitution of Trustee, defendants ALG and Atlantic Law scheduled a foreclosure sale of Carter's home for Tuesday, June 11, 2013. Carter contacted Atlantic Law through her counsel on four different occasions in late May and early June of 2013 to inform them that security interest in Carter's home had been extinguished via the 2004 refinancing, but received no indication that the foreclosure sale would be cancelled. The sale was cancelled when Carter filed the present action in state court.

As to procedural history, Carter's complaint was removed by the defendants to federal court on February 11, 2014. Dkt. No. 1. The pending motions to dismiss were filed on February 17, 2014. Dkt. Nos. 3 & 4. Plaintiff responded to the motions on March 10, 2014. Dkt. No. 13. Defendants did not file reply briefs within the time allotted and the parties have waived oral argument. As such, the matter is now ripe for adjudication.

## II.

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal based upon a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The standard on such a motion is now well-established. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff's well-pled factual allegations, while assumed to be true, Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997), "must be enough to raise a right to relief above the speculative

2

level." Twombly, 550 U.S. at 570. "[Additionally], the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. At end, the complaint must contain sufficient facts from which the court, calling upon "its judicial experience and common sense," can conclude that the pleader has shown that he is entitled to relief. Id. at 679; Fed. R. Civ. P. 8(a).

### III.

In Count I of her complaint, Carter seeks a declaratory judgment that defendants do not have a security interest in her home. The Federal Declaratory Judgment Act provides, in relevant part, as follows:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a). "When determining whether an actual controversy exists in a declaratory judgment action, the Court must ask 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment.'" Shore Bank v. Harvard, 934 F. Supp. 2d 827, 837 (E.D. Va. 2013) (quoting MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007)); see also Artful Color, Inc. v. Hale, 928 F. Supp. 2d 859, 861 (E.D.N.C. 2013) (quoting Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 272 (1941)) (same).

Defendant Atlantic Law argues that it should be dismissed because it "has not been alleged to be a putative party to the 2003 [Deed of Trust]" and is therefore "not a necessary party under applicable law to Count I." Mem. of Law in Supp. of Def. Atlantic Group, LLC's Mot. to Dismiss, Dkt. No. 4-1, at 5. Atlantic Law cites case law regarding the nature of a "necessary party" under

3

Federal Rule of Civil Procedure 19 in support of its motion. Whether or not Atlantic Law is a necessary party under Rule 19, however, is not the relevant question.[1] Pursuant to Rule 12(b)(6), the question before the court is whether Carter has stated a claim under the Federal Declaratory Judgment Act upon which relief can be granted. As such, she must adequately allege "a case of actual controversy," which requires a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Shore Bank, 934 F. Supp. 2d at 837. Here, Carter has alleged that Atlantic Law, along with ALG, scheduled a foreclosure sale of Carter's home for Tuesday, June 11, 2013, and that, despite communications between Carter's counsel and Atlantic Law, the foreclosure sale was cancelled only after the present action was filed. These allegations plainly satisfy Carter's obligation to adequately allege a substantial controversy of sufficient immediacy and reality between herself and Atlantic Law at the motion to dismiss stage. Cf. Young v. Wachovia Mortgage Co., No. 11-CV-01963-CMA, 2011 WL 6934110, at *3 (D. Colo. Dec. 30, 2011) (dismissing a claim for declaratory judgment, noting that "Plaintiffs' allegations are insufficient to show that there exists a substantial controversy

---

[1] Rule 19 provides, in relevant part, as follows:

(a) Persons Required to Be Joined if Feasible.
   (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
      (A) in that person's absence, the court cannot accord complete relief among existing parties; or
      (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
         (i) as a practical matter impair or impede the person's ability to protect the interest; or
         (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). "The purpose of Rule 19 is to provide for the full and complete adjudication of a dispute with a minimum of litigation effort, so that the interests of the plaintiff, the defendants, and the public will best be served." Cable TV Fund 14-A, Ltd. v. Prop. Owners Ass'n Chesapeake Ranch Estates, Inc., 706 F. Supp. 422, 430 (D. Md. 1989) (citing Schutten v. Shell Oil Co., 421 F.2d 869, 873 (5th Cir. 1970)). These concerns are not raised by Atlantic Law's motion.

of sufficient immediacy and reality because Defendants have not initiated foreclosure proceedings nor have Plaintiffs shown that any such proceedings are imminent").

In short, because Carter has alleged that Atlantic Law has, with others, initiated foreclosure proceedings on her home, which were only cancelled with the filing of this action, she has adequately stated a claim for relief as to Count I.

## IV.

In Count II, Carter alleges the defendants violated the Fair Debt Collection Practices Act ("FDCPA"), which "protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage." Yarney v. Ocwen Loan Servicing, LLC, 929 F. Supp. 2d 569, 574 (W.D. Va. 2013) (citing U.S. v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 135 (4th Cir. 1996)). To that end, the Act states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Lembach v. Bierman, 528 F. App'x 297, 301 (4th Cir. 2013) (unpublished per curiam opinion) (quoting 15 U.S.C. § 1692f).

To state a claim under the FDCPA, a plaintiff must sufficiently allege that "'(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" Stewart v. Bierman, 859 F. Supp. 2d 754, 759 (D. Md. 2012) (internal alteration omitted) (citing Dikun v. Streich, 369 F. Supp. 2d 781, 784-85 (E.D. Va. 2005); Johnson v. BAC Home Loans Servicing, 867 F. Supp. 2d 766, 776 (E.D.N.C. Sept. 29, 2011)), aff'd sub nom. Lembach v. Bierman, 528 F. App'x 297 (4th Cir. 2013); see also Yarney, 929 F. Supp. 2d at 574-75 (citing Withers v. Eveland, 988 F. Supp. 942, 945 (E.D. Va. 1997)) ("To establish a violation of the FDCPA, three requirements must be satisfied: (1) the plaintiff who has been the target of collection activity must be a 'consumer', as defined in § 1692a(3); (2) the defendant collecting the debt must be a 'debt collector', as defined in § 1692a(6); and (3) the defendant must have engaged in any act or

omission in violation of the FDCPA."). Carter alleges that the defendants violated Section 1692f(6)(A) of the FDCPA, which makes it unlawful for a debt collector to take or threaten to take "any nonjudicial action to effect dispossession or disablement of property" where "there is no present right to possession of the property claimed as collateral through an enforceable security interest."

Both Atlantic Law and ALG argue that Carter has failed to allege sufficient facts that they engaged in an act or omission prohibited by the FDCPA. Specifically, they assert that Carter has not pled sufficient facts that she terminated the credit line account associated with the 2003 Deed of Trust. As defendants put it, "the mere allegation that the Plaintiff borrowed money from Bank of America that allegedly was credited (or suppose to be credited) against an outstanding credit line account with Bank of America without more does not establish, **as a factual matter**, that the unreleased 2003 [Deed of Trust] is an unenforceable lien on her property . . . ." Mem. of Law in Supp. of Def. ALG Trustee, LLC's Mot. to Dismiss, Dkt. No. 3-1, at 6; Mem. of Law in Supp. of Def. Atlantic Group, LLC's Mot. to Dismiss, Dkt. No. 4-1, at 7 (emphasis added). Of course, Carter has not merely alleged that she paid off the credit line associated with the 2003 Deed of Trust. Instead, she has provided significantly more factual material. She alleges the means by which she paid it off (refinancing with a second Deed of Trust) and the exact date she did so (September 14, 2004). She has further provided, as exhibits to her complaint, copies of the subsequent Deed of Trust used to refinance the 2003 Deed of Trust and the settlement statement memorializing the refinancing. Those documents go so far as to provide the loan number associated with the relevant Deeds of Trust.[2]

---

[2] ALG and Atlantic Law also argue Carter's "acknowledgment of a promissory note in the possession" of the defendants contradicts her claims, Mem. of Law in Supp. of Def. ALG Trustee, LLC's Mot. to Dismiss, Dkt. No. 3-1, at 6; Mem. of Law in Supp. of Def. Atlantic Group, LLC's

6

In light of these specific factual allegations by Carter, it is clear that her complaint is nothing like the "unadorned, the-defendant-unlawfully-harmed-me accusation" that prompted the Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Whatever the legal merits of her FDCPA claim,[3] Carter's allegations are clearly not lacking in factual specificity. She has asserted that 2003 Deed of Trust that defendants attempted to foreclose on was paid off and the security interest in her home extinguished, and has given specific factual allegations as to how and when it was paid off. As such, she has adequately stated a claim that the defendants violated the FDCPA by seeking to foreclosure on her property without a "right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A).

V.

The Supreme Court's decisions in Iqbal and Twombly unambiguously require plaintiffs to plead sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Here, Carter has plainly met that burden. Accordingly, defendants' motions will be denied this day by an appropriate Order.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

Entered: May 14, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

Mot. to Dismiss, Dkt. No. 4-1, at 7, but Carter's recognition that the promissory note exists does not indicate any concession on her part that the note is secured by her home.

[3] It is clear from defendants' motions that they challenge only the sufficiency of Carter's factual allegations in her complaint. See Mem. of Law in Supp. of Def. ALG Trustee, LLC's Mot. to Dismiss, Dkt. No. 3-1, at 4 ("For the purpose of this Motion, Defendant ALG . . . argues that, considering the documents attached and/or referenced in the Second Amended Complaint and the failure to otherwise allege sufficient facts . . . that would establish the third element in a FDCPA action, Count II . . . should be dismissed with prejudice."); Mem. of Law in Supp. of Def. Atlantic Group, LLC's Mot. to Dismiss, Dkt. No. 3-1, at 5-6 (same).